301. CONTRIBUTORY NEGLIGENCE.
See 829. Negligence. Nash Woodland Motors Co. v. Pesker, OA. 6 Abs. 213.
See 829. Negligence. Heidle et v. Baldwin, OS. 6 Abs. 222.

313. CORPORATIONS.
See 93. Appropriation. Cotabish v. Cleve. Elect. Illum. Co., OA. 6 Abs. 214.

355. DAMAGES.
See 841. New Trial. Edinger v. Carroll Co. Bd. Comm., OA. 6 Abs. 211.

362. DEBTOR AND CREDITOR.
Wilson v. Columbia Cas. Co., OS. 6 Abs. 223.

396. DIRECTED VERDICTS.
See 297. Contracts. Gross v. Campbell et, OS. 6 Abs. 223.

465. ERROR PROCEEDINGS.
See 887. Parties. Counter v. Tiedeman et, OA. 6 Abs. 216.

480. EVIDENCE.
Tresise v. Ashdown, Admrx., etc., OS. 6 Abs. 223.
See 631. Industrial Commission. Indust. Com. v. Sylva, OA. 6 Abs. 218.

485. EXECUTORS AND ADMINISTRATORS.
Nicholson et v. Brouse, Exr., OA. 6 Abs. 203.

631. INDUSTRIAL COMMISSION.
Indust. Comm. v. Monroe, OA. 6 Abs. 215.
Indust. Comm. v. Sylva, OA. 6 Abs. 218.

677. JUDGMENTS AND DECREES.
See 708. Leases. Yerman et v. Boccia, OA. 6 Abs. 218.
See 362. Debtor and Creditor. Wilson v. Columbia Cas. Co., OS. 6 Abs. 223.
Cszbina v. Kalnay, OA. 6 Abs. 210.

681. JURISDICTION.
See 677. Judgments. Cszbina v. Kalnay, OA. 6 Abs. 210.
See 362. Debtor and Creditor. Wilson v. Columbia Cas. Co., OS. 6 Abs. 223.

708. LEASES.
Yerman et v. Boccia, OA. 6 Abs. 218.
Lauderman v. Shroyer, OA. 6 Abs. 211.

725. LIMITATIONS.
See 631. Industrial Commission. Indust. Comm. v. Monroe, OA. 6 Abs. 215.

745a. MALPRACTICE.
Glovka v. Fortun, OA. 6 Abs. 219.

791. MOTIONS AND ORDERS.
See 677. Judgments. Cszbina v. Kalnay, OA. 6 Abs. 210.

829. NEGLIGENCE.
Heidle et v. Baldwin, OS. 6 Abs. 222.
See 118. Automobiles. Tresise v. Ashdown, Admrx., etc., OS. 6 Abs. 223.
Nash Woodland Motors Co. v. Pesker, OA. 6 Abs. 213.

841. NEW TRIAL.
Edinger v. Carroll Co. Bd. Comm., OA. 6 Abs. 211.

874. ORDINANCES.
See 1104. Statutes. Heidle et v. Baldwin, OS. 6 Abs. 222.

887. PARTIES.
Counter v. Tiedeman et, OA. 6. Abs. 216.
See 485. Executors and Administrators. Nicholson et v. Brouse, Exr. OA. 6 Abs. 203.

920. PHYSICIANS AND SURGEONS.
See 745a. Malpractice. Glovka v. Fortun, OA. 6 Abs. 219.

(Continued on Page 220)

## EPITOMIZED OPINIONS
### Published only in the Abstract

### CSZBINA v. KALNAY.

Ohio Appeals, 9th Dist., Summit Co.

No. 1315. Decided Feb. 20, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

677. JUDGMENTS—791. Motions and Orders—681. Jurisdiction.

1. Court having jurisdiction of parties, has jurisdiction and power, upon motion, to order satisfaction of judgment entered upon record.

2. Such jurisdiction not affected by fact that judgment was taken more than one year previous to filing of motion.

3. Where record shows that attorneys representing judgment creditor approved journal entry disposing of such motion, finding that said attorneys were present and took part in said hearing, justified.

Error to Common Pleas.
Judgment affirmed.

Burch, Bacon, Delinger & Seikel, Akron, for Cszbina.

Laybourne, Zesiger, Johnson & Crafts, Akron, for Kalnay.

### STATEMENT OF FACTS.

In April, 1925, Steve Cszbina recovered a judgment against Mrs. Gussie Kalnay; and on Dec. 28, 1926, Mrs. Kalnay filed a motion in said action in which she set forth that in May, 1925, by agreement between the parties, Cszbina agreed to take a certain sum in full satisfaction of said judgment, which sum was paid, but, through the neglect and fraud of attorneys for Cszbina, no entry of satisfaction of said judgment was made, and asking the court to order satisfaction of the judgment entered upon the record.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WASHBURN, PJ.

It does not appear that notice of said motion was served upon anyone, but the journal entry disposing of the motion was approved and signed by the attorneys representing both parties, and, in the entry, Steve Cszbina duly saved an exception.

The entry disposing of said motion recites that "This matter coming on to be heard upon the motion of defendant, the court being fully advised in the premises, finds that said motion is well taken," and it was ordered that a satisfaction of the judgment be entered upon the records.

But it is claimed that, insomuch as the judgment was taken more than a year previous

to the filing of the motion, that the court was without jurisdiction or power to grant the relief sought on motion.

In Harper v. Graham, 20 Ohio 105, the trial court, on a motion similar to the one in the case at bar, granted exactly the relief which was granted in the case at bar, and the granting of such relief on motion was approved by the Supreme Court.

There being no statute in Ohio providing otherwise, we are of the opinion that, in the case at bar, if the court had jurisdiction of the parties, it had jurisdiction and power to grant the relief it did, upon motion.

The record does not show the service of any notice of the motion, but of course such notice could have been waived by the appearance of Steve Cszbina. If he, or his attorney, without saving the question, took part in the hearing of the questions involved in the motion, that would enter his appearance and be a waiver of notice of said motion. The record discloses that the attorneys now representing Steve Cszbina before this court approved the journal entry disposing of said motion and entered therein an "objection" and exception for said Cszbina, and we are of the opinion that a finding that said attorneys were present and took part in said hearing is justified, and that therefore notice of said motion was waived. Teagarden v. Board of Commissioners, 30 Pac. 171.

(Funk, J. and Pardee, J., concur.)